103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwayne Clayton RODGERS, Defendant-Appellant.
 No. 95-2192.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1996.
 
 Before: MARTIN, Chief Judge; KEITH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 In 1995, Dwayne Clayton Rodgers pleaded guilty to conspiring to commit bank fraud, a violation of 18 U.S.C. § 371. On October 17, 1995, the district court sentenced him to 27 months of imprisonment and three years of supervised release. It is from this judgment that Rodgers now appeals. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Rodgers's counsel has filed a motion to withdraw, with a brief indicating that there are no non-frivolous issues that may be raised on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Rodgers has not filed a response to counsel's motion, even though he was advised that he would have until February 19, 1996, in which to do so.
 
 
 3
 An independent review of the record reveals no substantial issues that would support an appeal. The record indicates that Rodgers's guilty plea was intelligent and voluntary and that the district court substantially complied with the requirements of Fed.R.Crim.P. 11. Rodgers and his attorney both signed a plea agreement which indicated that Rodgers's sentence would not exceed the midpoint of the applicable guideline range and that his offense level would be reduced for acceptance of responsibility. The district court accepted this agreement, and Rodgers has not made any attempt to withdraw his plea. Under these circumstances, it would be frivolous to argue that Rodgers's guilty plea was invalid.
 
 
 4
 Counsel now suggests that Rodgers may wish to argue that he was entitled to approximately five months of credit for the time that he spent in federal custody prior to being sentenced on his current conviction. The district court rejected this argument because Rodgers was already serving a state sentence when he was transferred to federal custody.
 
 
 5
 The award of credit for time that is spent in federal custody prior to sentencing is governed by 18 U.S.C. § 3585(b), which provides as follows:
 
 
 6
 A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 
 
 7
 (1) as a result of the offense for which the sentence was imposed; or
 
 
 8
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
 
 
 9
 that has not been credited against another sentence.
 
 
 10
 The Supreme Court interpreted this statute in United States v. Wilson, 503 U.S. 329, 331-37 (1992). The Court held that the Attorney General and the Bureau of Prisons, rather than the sentencing court, had the responsibility and exclusive authority to make the initial determination regarding the amount of sentencing credit that defendants are entitled to receive under § 3585(b). Id. at 332-34. Hence, the district court was not authorized to make this determination at Rodgers's sentencing. See id.; United States v. Keller, 58 F.3d 884, 894 (2d Cir.1995).
 
 
 11
 Rodgers did not raise any other legal arguments at sentencing. Therefore, he has waived any other claims that he might have in the absence of plain error that affects his substantial rights. See United States v. Thomas, 24 F.3d 829, 832 (6th Cir.), cert. denied, 115 S.Ct. 453 (1994). No other potential error is apparent from the present record.
 
 
 12
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.